

73-CV-15-9158

**MID-MINNESOTA LEGAL AID**
Pheng Thao • (612) 746-3763 • pthao@mylegalaid.org



EXHIBIT A

June 29, 2015

To Whom It May Concern:

Emancipation is found whenever a parent surrenders the legal rights to control a child's actions and there has been a substantial severing of the parent-child relationship. Conduct by the parent in giving up control and custody of the minor will legally emancipate the child under Minnesota law. (*Lufkin v. Harvey*, 131 Minn. 238, 240, 241; 154 N.W. 1097 (Minn. S.Ct. 1915)). In this particular case, ▢▢▢▢▢▢▢▢ has shared the following information regarding his relationship with his parents.

1. ▢▢▢▢▢▢▢▢ parents were not married at the time of his birth; therefore, under Minnesota law, his mother is the sole legal and physical custodian;

2. ▢▢▢▢▢▢▢▢ has lived apart from his mother for approximately six (6) months now;

3. ▢▢▢▢▢▢▢▢ mother has taken no actions to report him as a runaway or taken legal action to keep him in her home;

4. ▢▢▢▢▢▢▢▢ mother knows where he is and has made no attempts to bring him home;

5. ▢▢▢▢▢▢▢▢ mother has made it known to him that she no longer wishes to have any contact with him;

6. ▢▢▢▢▢▢▢▢ attends Sauk Rapids High School and PSEO courses at St. Cloud Technical and Community College;

7. ▢▢▢▢▢▢▢▢ is a junior in high school and will be attending college in the fall;

8. ▢▢▢▢▢▢▢▢ holds two jobs and has been financially supporting himself for the past six (6) months; and

9. Based on information provided by ▢▢▢▢▢▢▢▢, he has not been adjudicated to be under the custody or control of any county entity and is not under the jurisdiction of any juvenile court.

FILED 10-8-15
Stearns County
District Court
By Courtney S.
Deputy

430 First Avenue North, Suite 300   Minneapolis, MN 55401
Telephone: (612) 332-1441   Facsimile: (612) 746-3763   Client Intake: (612) 334-5970   www.mylegalaid.org
A United Way Agency

June 29, 2015
Page 2

Given this set of circumstances, ▮▮▮▮▮▮▮▮ parents, specifically his mother, have given up control and custody of their child, making ▮▮▮▮▮▮▮▮ legally emancipated under Minnesota law.

Sincerely,

Pheng Thao
Staff Attorney

PT:cs

Enc.

cc: ▮▮▮▮▮▮▮▮

1506-0410465--1468872

FILED IN
ST. LOUIS COUNTY
APR 15 2016
OFFICE OF
COURT ADMINISTRATOR
By

STATE OF MINNESOTA          DISTRICT COURT
                            CIVIL DIVISION
ST. LOUIS COUNTY            SIXTH JUDICIAL DISTRICT

---

In the Matter of the
Application of:                  Court file #69HI-CV-15-748

███████████ for
a Change of Name,
         Petitioner,             **FINDINGS OF FACT,**
                                 **CONCLUSIONS OF LAW**
                                 **AND ORDER**

---

DATE OF HEARING:    January 20, 2016

**EXHIBIT B**

APPEARANCES:    For Petitioner:     Pro Se

                                    ███████████
                                    8965 Townline Rd.
                                    Iron, MN 55751

The above matter came on for hearing at the St. Louis County Courthouse in Hibbing, Minnesota before the Honorable David E. Ackerson, Judge of District Court, on an application of name change.

Based on the motion papers that have been filed, THE COURT HEREBY MAKES THE FOLLOWING:

## FINDINGS OF FACT

1. This matter came on for hearing on the application of the Petitioner for a change of name from ▇▇▇▇▇ ▇▇ to ▇▇▇▇▇▇▇;

2. The Petitioner was born July 6, 1999, and is currently 16 years of age. The Petitioner appeared with two witnesses for the hearing, and represented to the court that Petitioner was, or should be considered to be, legally emancipated. Neither of Petitioner's parents appeared at the hearing, neither of the parents had notice of the hearing, and neither of the parents were part of the Application in order to bring the Application in the name of their minor child the Petitioner.

3. The Petitioner requests that, because Petitioner is living independently from Petitioner's parents, the Petitioner should be considered legally emancipated. The Petitioner also filed medical records from Minneapolis Gender Services at Park Nicollet, dated January 15, 2016, signed by a medical doctor who indicates that the doctor is the attending physician of the Petitioner, has a doctor/patient relationship with the Petitioner, and is in the process of treating the Petitioner for transgender medical treatment for the purpose of gender transition from male gender to female gender.

4. At the hearing on January 20, 2016, Petitioner advised the court that a previous application for a change of name had been brought in Stearns County, State of Minnesota, which application was dismissed by the trial

2

SAINT LOUIS COUNTY

judge on the grounds that Petitioner failed to comply with the statute authorizing change of name in Minnesota, which requires an application for change of name of a minor child be brought in the name of that child by the parent or guardian. Minn. Stat. §259.10.

5. This court, at the time of the hearing herein, took the entire matter under advisement, with a decision due as of April 19, 2016.

6. On March 21, 2016, while the matter has been under advisement, this court received written correspondence from one Anmarie Calgaro, who represents that she is the legal and biological mother of the Petitioner herein, and that she opposes the Application of the Petitioner for a change of name. The correspondence is in longhand, and is not in affidavit form. However, it does indicate her residence in Iron, St. Louis County Minnesota. She is entitled to proper notice of any further proceedings.

## CONCLUSIONS OF LAW

1. A legal issue exists as to whether the juvenile Petitioner herein has a legal basis to assert emancipation, and if so, how that would affect Petitioner's entitlement to bring an action as a juvenile for a change of name in the State of Minnesota.

2. A legal issue exists as to whether the court can entertain the application for change of name of a juvenile, not brought by a parent or guardian, and whether this

3

requirement could be met by bringing a proper application for a Guardian ad Litem pursuant to Minnesota Rules of Civil Procedure, Rule 17.02.

3. On the present record, including the lack of a parent or guardian bringing the Application on behalf of the juvenile; and the lack of any Minnesota trial court adjudication relative to emancipation; as well as the lack of proper notice upon the parents of the juvenile Petitioner herein; as well as the failure to apply for a Guardian ad Litem for the purpose of bringing the Application on behalf of the Petitioner herein; at this time this court cannot consider the Application on the merits as to whether or not it is in the best interests of the Petitioner to achieve the desired relief of a legal change of name.

4. If the foregoing noted procedural and potentially jurisdictional defects in bringing the Application before the court can be resolved, it is likely that an evidentiary hearing, with notice and an opportunity to participate by both the Petitioner and the Petitioner's parents, should be held prior to the court making a decision on the merits.

### ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, *IT IS HEREBY ORDERED AS FOLLOWS*:

1. The present Application filed by the Petitioner herein must be and hereby is dismissed without prejudice.

2. Dismissal of this Application shall be without prejudice, to allow for the possibility that procedural and jurisdictional defects may be remedied.

3. Dismissal of the Application herein is stayed for 30 days from the date of this Order, to allow Petitioner and the parents of Petitioner an opportunity to consider this Order, and to take such legal action within the context of this Order as they may deem appropriate.

Dated: April 15, 2016        BY THE COURT:

Hon. David E. Ackerson
Judge of District Court

69HICV15 748


**Park Nicollet**
HealthPartners
**Minneapolis Gender Services**
2001 Blaisdell Ave S
Minneapolis MN 55404
Phone: 952-993-8052

FILED IN
ST. LOUIS COUNTY
JAN 20 2016
OFFICE OF
COURT ADMINISTRATOR
By _____

January 15, 2016

MRN: 69043707

8965 Town Line
Iron Junction MN 55751

Phone: (218)780-0712

Patient:
MR Number: 69043707
Date of Birth: 7/6/1999
Date of Visit: 1/15/2016

**EXHIBIT C**

To whom it may concern,

I, Julie Farias, MD, Minnesota State License number 51904, DEA number FC1527956, am the attending physician of _____, with whom I have a doctor/patient relationship, and whom I have treated. I am a family physician who practices according to the World Professional Association for Transgender Health. _____ has had appropriate, permanent clinical treatment for gender transition to the new female gender. All legal documentation including but not limited to Passport, Driver's License, Birth Certificate and Work Identification should reflect the new gender.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Sincerely,

*[signature]*

Julie M Farias, MD 2:00 PM 1/15/2016

*[signature]*

ANJALEEN L. DOLPHIS
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2019

RE: _____ - MR#: 69043707

69HI – CV – 15 – 748
MEDRPT
Medical Report
4211564



Page 1 of 1