UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANMARIE CALGARO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ST. LOUIS COUNTY; LINNEA MIRSCH, individually and in her official capacity as Interim Director of St. Louis County Public Health and Human Services; FAIRVIEW HEALTH SERVICES, a Minnesota Nonprofit Corporation; PARK NICOLLET HEALTH SERVICES, a Nonprofit Corporation; ST. LOUIS COUNTY SCHOOL DISTRICT; MICHAEL JOHNSON, individually and in his official capacity as principal of the Cherry School, ST. LOUIS COUNTY SCHOOL DISTRICT; and J.D.K.,<br><br>　　　　Defendants. | Case No. 16-cv-3919 (PAM/LIB)<br><br>**DEFENDANT E.J.K.'s MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(a)** |

## INTRODUCTION

For the reasons set forth in Defendant E.J.K.'s Motion to Dismiss, Plaintiff Anmarie Calgaro's Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice. For the same reasons, Plaintiff's motion for summary judgment also should be denied. Nothing Calgaro submitted in support of her motion changes this result. As the undisputed facts demonstrate, E.J.K. satisfies all the requirements of Minnesota Statutes Section 144.341 to consent to her own medical care, and has effectively consented to all such care she has received. Plaintiff offers no

1

evidence or argument to the contrary.  As more fully discussed in E.J.K.'s memorandum in support of her Motion to Dismiss, Calgaro's constitutional rights as a parent do not include the right to override E.J.K.'s own constitutional and statutory right to consent to her own medical treatment.  For these and additional reasons discussed below, Calgaro's motion for summary judgment should be denied, and summary judgment should be entered in Defendants' favor pursuant to Federal Rule of Civil Procedure 56(f)(1).

## FACTUAL BACKGROUND

A summary of relevant facts is set forth in E.J.K.'s initial memorandum in support of her motion to dismiss.  In addition, E.J.K. herewith submits a supporting declaration confirming as follows:

In January 2015, E.J.K. moved from Plaintiff's home to live with her father in St. Cloud.  E.J.K. Decl. ¶¶ 1-2.  Several months later, E.J.K.'s father was incarcerated, requiring her to find a place to stay. *Id.* at ¶ 2.  Due to the contentious relationship between E.J.K. and her mother, E.J.K. decided to stay with a patchwork of friends and family instead of moving back in with Plaintiff. *Id.*  This also allowed her to finish the school year.

During the summer, E.J.K. continued to stay with various friends and family members. By July 2015, E.J.K. was living her grandmother, attending school, and working to support herself financially. *Id.* at ¶ 3. Then, in October 2015, E.J.K. decided to move and returned to Hibbing, where she at first lived with a close friend and where she now lives in her own apartment. *Id.* at ¶ 4. Once back in Hibbing, E.J.K. enrolled herself in school, applied for health insurance coverage through MNsure, and found a job.

2

*Id.* E.J.K. has continued to provide for herself financially, manage her own financial affairs, and live as an adult caring for her own needs. E.J.K. Decl. ¶ 4. She has been doing so for at least eighteen months.

Around that same time, E.J.K. sought professional care for the dysphoria she was experiencing related to her gender. *Id.* at ¶ 5. Since she was a young child, E.J.K. has known that she is a girl and, when possible, dressed in girl's clothes. *Id.* Although she repressed that part of her identity throughout much of her childhood, it started to reemerge in the summer of 2015. *Id.* She decided to seek the advice of medical and mental health providers who had experience treating adolescents with gender dysphoria. *Id.*

With the advice and assistance of experienced healthcare providers, E.J.K. began her gender transition to living her life consistent with her female gender identity. *Id.* at ¶ 6. For E.J.K., this meant adopting her current name and starting a regimen of medications such as hormone replacement therapy to help bring her body into closer alignment with her female gender identity. E.J.K. Decl. ¶ 6. Prior to consenting to any treatment, E.J.K. discussed her various treatment options with her providers as well as the short- and long-term effects of those options, including risks and benefits. *Id.* at ¶ 7. Based on all the information she gathered, E.J.K. consented to all of the healthcare services she has received. *Id.* Each of those treatments were offered and administered in a manner consistent with the prevailing standards of care for the treatment of gender dysphoria. *Id.*

Throughout the time that E.J.K. has lived outside of Plaintiff's home, E.J.K. has kept sporadic contact with her family. *Id.* at ¶ 10. E.J.K. has not returned to live with Plaintiff since moving out in January 2015 and does not intend to do so. *Id.*

## ARGUMENT

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing a lack of genuine issue of fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the Court must view the evidence and any reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Plaintiff cannot meet either element of the standard for summary judgment.

**I.     Plaintiff's Complaint Fails To State A Claim On Which Relief Can Be Granted.**

As more fully detailed in Defendant E.J.K.'s Motion to Dismiss (Dkt. 40), as well as those filed by her co-defendants (Dkts. 36-37, 42-43), Plaintiff's Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice in its entirety.

First, Plaintiff does not and cannot allege that E.J.K. is a state actor, requiring dismissal of her claims under 42. U.S.C. § 1983. *See* Dkt. 40 at 9-10.

Second, the decisions E.J.K. has made regarding her own medical care do not implicate or interfere with Plaintiff's constitutionally protected liberty interests and thus do not trigger a right to procedural due process. *See* Dkt. 40 at 10-14.  Parental rights do

not include a constitutional right to override the medical decision-making of a mature minor, especially where, as here, the minor is living separate and apart from her parents and managing her own finances. *See, e.g.*, *Bellotti v. Baird*, 443 U.S. 622, 647 (1979); *Hodgson v. Minnesota*, 853 F.2d 1452, 1455-56 (8th Cir. 1988).

Third, Plaintiff cannot establish a due process violation because she cannot allege that any of the defendants have compelled or prohibited any conduct on her part that affects the exercise of her parental rights. *See* Dkt. 40 at 14-19; *see also* E.J.K. Decl. ¶¶ 8-9. Section 144.341 does not prevent Plaintiff from exercising any constitutional right concerning the care, custody, and control of E.J.K. *See, e.g., Doe v. Irwin,* 615 F.2d 1162, 1168 (6th Cir. 1980). Because Plaintiff has not alleged that she has been deprived of any legally protected liberty interest in the exercise of her parental rights, her claim that her procedural due process rights were violated fails as a matter of law. *See, e.g., Hall v. Ramsey Cnty.,* 801 F.3d 912, 919 (8th Cir. 2015).[1]

## II. Even Accepting Plaintiff's Declarations As True, The Undisputed Facts Establish That Plaintiff's Claims Fail As A Matter Of Law.

Just as her Complaint fails to state a claim on which relief can be granted, Plaintiff's motion for summary judgment fails to demonstrate that the undisputed facts entitle her to judgment as a matter of law. To the contrary, the evidence Plaintiff has submitted in support of her motion—her own declaration and that of her attorney with a

---

[1] E.J.K. joins in the arguments made by other Defendants in support of their motions to dismiss, which also support denial of Plaintiff's motion for summary judgment.

few supporting exhibits—serve only to confirm that her claims lack legal merit and that judgment should be entered in Defendants' favor.

First, E.J.K. has previously pointed out that she is not a state actor. Plaintiff offers no evidence to the contrary. For this reason alone, and as Calgaro now appears to admit, she has no claim against E.J.K.

Second, although Plaintiff does not appear to dispute that E.J.K. satisfies the requirements of Minn. Stat. Section 144.341, the undisputed facts set forth in E.J.K.'s own declaration, submitted with this memorandum, eliminate any doubt on that point and clearly establish that, at all relevant times: (1) E.J.K. was and is living "separate and apart" from her parents, and (2) E.J.K. was and is "managing personal and financial affairs." E.J.K. Decl. ¶¶ 3-4.

Plaintiff makes various statements indicating that she is concerned about whether E.J.K. gave fully-informed and effective consent to her medical treatment. But Plaintiff has no personal knowledge of E.J.K.'s medical treatment or consent, and the only competent evidence on that issue—E.J.K.'s own declaration—demonstrates that E.J.K. understands and has given effective consent to all medical care she has received, including treatment for her gender dysphoria. *Id.* at ¶¶ 7-9. Plaintiff's speculation to the contrary is of no consequence. *See, e.g.*, *Olivier v. Willers*, No. CV 13-266 (JRT/FLN), 2016 WL 1275032, at *8 (D. Minn. Mar. 31, 2016) ("[S]peculation and conjecture . . . is not competent summary judgment evidence.").

Third—and again—Plaintiff offers no evidence establishing that any state actor required or prohibited any conduct in the exercise of her parental rights – a necessary prerequisite to her due process claim.

Finally, Plaintiff makes various assertions about Defendants' reliance on a letter that E.J.K. obtained from Mid-Minnesota Legal Aid. But that letter does nothing more than to set forth a lawyer's opinion. It has no independent legal effect, and is not at issue in this proceeding.[2]

## CONCLUSION

For the reasons stated above and for those stated in the pending motions to dismiss, which are incorporated by reference herein, Defendant E.J.K. respectfully asks the Court to deny Plaintiff's Motion for Summary Judgment under Rule 56(a) and enter summary judgment in Defendants' favor pursuant to Rule 56(f)(1).

---

[2] In any event, summary judgment would be premature even if Plaintiff had stated some claim for relief. None of the defendants has answered. The case is not yet even at issue.

7

Dated:  January 5, 2017	Respectfully submitted,

*s/ Michael A. Ponto*
------
Michael A. Ponto, #203944
Martin S. Chester, #031514X
Emily E. Chow, #0388239
Cicely R. Miltich, #0392902
Aaron P. Knoll, #0393066
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
612.766.7000
*Michael.Ponto@faegreBD.com*
*Martin.Chester@faegreBD.com*
*Emily.Chow@faegreBD.com*
*Cicely.Miltich@faegreBD.com*
*Aaron.Knoll@faegreBD.com*

Christopher F. Stoll, Admitted *Pro Hac Vice*
Asaf Orr, Admitted *Pro Hac Vice*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA  94102
415.392.6257
*CStoll@nclrights.org*
*Aorr@nclrights.org*

**Attorneys for Defendant E.J.K.**

US.109662244.02